## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | |
| ALAMEDA RESEARCH LTD., | |
| Plaintiff, | |
| - against - | |
| FORIS DAX MT LTD., FORIS DAX ASIA PTE. LTD., FORIS DAX, INC., and IRON BLOCK CAPITAL, | Adv. Pro. No. 24-_____(JTD) |
| Defendants. | |

## COMPLAINT FOR TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 542 AND DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502

Plaintiff Alameda Research Ltd. ("Alameda" or "Plaintiff"), through its undersigned counsel, for its complaint against Defendants Foris DAX MT Ltd. ("Foris MT"), Foris DAX Asia Pte. Ltd. ("Foris Asia"), Foris DAX, Inc. ("Foris Inc.," and together with Foris MT and Foris Asia, "Crypto.com") and Iron Block Capital ("Iron Block," and together with Crypto.com, "Defendants"), alleges the following based upon personal knowledge and upon its

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

investigation to date as to itself and its own acts, and upon information and belief as to all other matters:

<u>**NATURE OF THE CASE**</u>

1.       Plaintiff brings this adversary proceeding ("<u>Adversary Proceeding</u>") pursuant to Sections 105 and 542 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>") to recover at least $11.4 million in debtor assets contained in a Crypto.com exchange account controlled by Alameda.  Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff also seeks to disallow any and all claims filed or held by Defendants in the above-captioned bankruptcy cases (collectively, the "<u>Chapter 11 Cases</u>") unless and until Defendants have relinquished to Plaintiff all property subject to turnover.

2.       On November 11 and November 14, 2022 (as applicable, the "<u>Petition Date</u>"), FTX Trading Ltd. ("<u>FTX.com</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each a "<u>Debtor</u>") filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  No trustee has been appointed for Plaintiff or any other Debtor in the Chapter 11 Cases, and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  On November 22, 2022, the Court entered an order authorizing joint administration of the Chapter 11 Cases [D.I. 128].  Accordingly, Plaintiff has the authority to file this Complaint to commence, and thereafter to prosecute, this Adversary Proceeding.

3.       Prior to the filing of the Chapter 11 Cases, Alameda engaged in cryptocurrency trading, venture investing and other activities.  As part of its trading operations, Alameda opened and operated accounts on various cryptocurrency exchanges around the world.

4.      Crypto.com claims to be one of the world's largest cryptocurrency exchanges, boasting 100 million users and $454 billion in yearly trading volume.[2]

5.      Prior to the filing of these Chapter 11 Cases, Alameda maintained an account on Crypto.com with an account ID ending in -mdgt4 (the "Alameda Account").  The Alameda Account had originally been opened in the name of Ka Yu Tin (also known as Nicole Tin) using the email address of gbhl@genesisblockhk.com, but the Alameda Account was at all relevant times funded and controlled by, and used solely for the benefit of, Alameda.

6.      Immediately after commencing these Chapter 11 Cases, the Debtors determined that Crypto.com had locked the Alameda Account, rendering the Debtors unable to recover assets then-valued at approximately $11.4 million.  The Debtors promptly contacted Crypto.com to request that it preserve the Debtors' assets in the Alameda Account and cooperate with the Debtors' requests to facilitate the return of these assets for the benefit of the Debtors' estates.

7.      Despite repeated outreach from the Debtors through a wide range of approaches, Crypto.com has refused to cooperate with the Debtors' requests and continues wrongfully to withhold the Debtors' property.  This Adversary Proceeding seeks the turnover of the estate assets held by Crypto.com.

8.      Defendant Foris MT also maintained an FTX.com account with an account number ending in -1849 (the "Foris MT FTX Account"), and has filed a customer proof of claim against the Debtors with respect to the Petition Date balances of the Foris MT FTX Account (totaling approximately $18.4 million).  Upon information and belief, Crypto.com also maintained an FTX.com account with an account number ending in -2643 that was nominally

---

[2]      *Top Crypto Exchanges by Volume*, Reuters (Nov. 9, 2022), https://www.reuters.com/graphics/FINTECH-CRYPTO/jnpwygnndpw/chart.png/; *About*, Crypto.com (last visited Nov. 4, 2024), https://crypto.com/us/about.

opened in the name of Defendant Iron Block (the "Iron Block FTX Account," and together with the Foris MT FTX Account, the "Crypto.com FTX Accounts").  The Iron Block FTX Account was opened in June 2022, and the KYC materials submitted to FTX.com in connection with opening the Iron Block FTX Account reflected that:  (i) at the time Iron Block was formed, its shareholders and directors were two of the co-founders of Crypto.com; (ii) another Crypto.com co-founder subsequently became the sole director of Iron Block; and (iii) certain of Iron Block's KYC materials were submitted bearing Crypto.com letterhead.  After the Petition Date, a customer proof of claim was filed against the Debtors with respect to assets contained in the Iron Block FTX Account (totaling approximately $237,800).  The Foris MT and Iron Block proofs of claim were both filed by the same counsel, and upon information and belief, Crypto.com maintained and controlled both FTX.com accounts.  Pursuant to Section 502(d) of the Bankruptcy Code, Alameda seeks to disallow both claims submitted in connection with the Crypto.com FTX Accounts as well as any other claims filed or held by Defendants in these Chapter 11 Cases unless and until Crypto.com has relinquished to Alameda all estate property, specifically including all assets in the Alameda Account.

9.      During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional property of the Debtors subject to turnover under Section 542 of the Bankruptcy Code, or of transfers made to Crypto.com that are avoidable under Sections 547 or 548 of the Bankruptcy Code.  Plaintiff intends to recover all such property and avoid and recover all such transfers made to or for the benefit of Crypto.com or any other transferee of such transfers.  Plaintiff reserves the right to amend this Complaint to include, without limitation:  (i) further information regarding any property or transfers, (ii) additional plaintiffs or defendants, (iii) modifications of and/or revision to the defendants' names, and

(iv) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint.

## JURISDICTION AND VENUE

10.     This Adversary Proceeding relates to the Plaintiff's Chapter 11 Case filed with this Court on the Petition Date.  The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

11.     This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders herein.

12.     Venue of this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409, and venue in this District is consistent with the interests of justice, judicial economy, and fairness.

13.     The statutory predicates for the relief requested herein are Sections 105(a), 502(d), and 542 of the Bankruptcy Code.

14.     This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure because, at a minimum, it seeks, among other things, to recover money or property belonging to the Debtors' Chapter 11 estates.  Fed. R. Bankr. P. 7001(1).

15.     Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgments by the Court on these claims to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**THE PARTIES**

16.     Plaintiff Alameda is a British Virgin Islands company limited by shares.

17.     Defendant Foris MT is a company incorporated in Malta.  Foris MT has filed a customer proof of claim against FTX.com (Claim No. 85356) in these Chapter 11 Cases with respect to the Petition Date balances of the Foris MT FTX Account.

18.     Defendant Foris Asia is a Singaporean exempt private company limited by shares.

19.     Defendant Foris Inc. is a Delaware corporation with headquarters in Tyler, Texas.

20.     Upon information and belief, Foris Asia and Foris Inc. are wholly owned subsidiaries of Foris MT.

21.     At all relevant times, the Crypto.com exchange has been owned and operated by or through one or more associated companies, including Foris MT, Foris Asia, and Foris Inc. Upon information and belief, Foris MT, Foris Asia, and Foris Inc. operate as a unified, integrated enterprise, including by sharing management.  Because Foris MT, Foris Asia, and Foris Inc. operate as a joint enterprise, they are described together in this complaint as "Crypto.com."

22.     Defendant Iron Block is a company incorporated in the Cayman Islands.  Iron Block is the nominal holder of an FTX.com account ending in -2643 that is the subject of a customer proof of claim filed against FTX.com (Claim No. 85352) in these Chapter 11 Cases for the Petition Date balances of the Iron Block FTX Account.

**FACTUAL ALLEGATIONS**

23.     Prior to the Petition Date, Alameda engaged in cryptocurrency trading and other activities.  In connection with its cryptocurrency trading activities, Alameda maintained and operated accounts on various cryptocurrency exchanges around the world.  Alameda sometimes opened accounts on these exchanges in its own name, but other times it sought to obscure the fact that it was operating the accounts on these exchanges by opening accounts in the names of

its employees or in the names of shell companies or affiliated entities.  These "secret" accounts

afforded Alameda the ability to trade without expressly disclosing its involvement—Alameda

could execute trades from its accounts without others knowing that it was behind the trade,

allowing it to conceal its operations and strategy.

24.     One such "secret" account—the Alameda Account—was opened on Crypto.com

in the name of Ka Yu Tin (also known as Nicole Tin) using the email address of

gbhl@genesisblockhk.com, with an account ID ending in -mdgt4.  As of the Petition Date, the

Alameda Account held assets then valued at approximately $11.4 million.

25.     Crypto.com has to date refused to turn over the assets in the Alameda Account to

the Debtors.  On November 16, 2022, the now-CEO of the Debtors sent a letter to the General

Counsel of Crypto.com requesting that the assets in the Alameda Account be secured and

seeking to coordinate the transfer of the assets in the Alameda Account to the Debtors.

26.     On December 15, 2022, Crypto.com's legal team confirmed receipt of the

Debtors' November 16 letter, and on December 19, 2022, the Debtors and Crypto.com had a call

in which the Debtors explained the circumstances surrounding the Debtors' ownership of the

assets in the Alameda Account (notwithstanding the non-Debtor individual nominally associated

with the Alameda Account).  Crypto.com confirmed that it had frozen the Alameda Account and

informed the Debtors that Crypto.com would require authorization from the Court in order to

transfer the assets in the Alameda Account to the Debtors.

27.     On January 31, 2023, the Debtors sent another letter to Crypto.com, explaining

that that the Court had authorized the Debtors to secure their at-risk assets, including

cryptocurrency and cash, and to move all assets held in third-party brokerages to other accounts.

The January 31 letter also explained that Section 362 of the Bankruptcy Code operates as a

worldwide automatic stay, enjoining all persons from taking any action to exercise control over property of any Debtor, and that Section 542 of the Bankruptcy Code requires that any estate property be turned over to the Debtors upon request.

28.    Following this letter, another member of Crypto.com's legal team confirmed again that Crypto.com had frozen the assets in the Alameda Account and indicated that because the Alameda Account had been opened in the name of a non-Debtor individual, Crypto.com would require documentation establishing that the Alameda Account was held by or on behalf of the Debtors. As described in further detail in *FTX Trading Ltd.* v. *Genesis Block Ltd.*, No. 22-11068-JTD (Bankr. D. Del. Nov. 4, 2024) [D.I. 27532], the circumstances surrounding the relationship between the Debtors, Genesis Block, and the nominal accountholder for the Alameda Account involved significant complexity as well as challenges related to obtaining the cooperation and consent of the relevant parties.

29.    On March 13, 2024, the Debtors had a call with a senior member of Crypto.com's legal department during which the Debtors provided additional detail regarding the circumstances surrounding the Debtors' ownership of the assets in the Alameda Account, and again asked that Crypto.com cooperate with the Debtors' requests. On March 18, 2024, the Debtors followed up with another email to the senior member of Crypto.com's legal team requesting Crypto.com's cooperation and offering to provide documentation establishing that the gbhl@genesisblockhk.com email address used to register the Alameda Account was in fact just a pass-through email address for Alameda, and that Alameda had controlled the Alameda Account. The Debtors also noted that in a similar situation in which Debtor assets had been held at another third-party cryptocurrency exchange in an account nominally owned by a non-Debtor shell company, that other third-party cryptocurrency exchange had consented to the filing of a

turnover motion with respect to the assets in that account, which had been entered by the Court without objection.

30.    Crypto.com did not respond to this outreach from the Debtors, or to the Debtors' multiple follow-ups, including a September 20, 2024 email in which the Debtors again reiterated their interest in resolving these issues consensually so as to avoid the need to take further actions before the Court.  Crypto.com still did not respond, and as a result, the Debtors have no choice but to seek judicial enforcement of their rights under the Bankruptcy Code.

31.    Section 542(a) of the Bankruptcy Code mandates that "an entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542(a).

32.    The assets in the Alameda Account at Crypto.com are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held."   11 U.S.C. § 541(a).[3]

33.    "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law."  *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code is not concerned with the 'technicalities of title' when it comes to

---

[3]    In addition, insofar as Crypto.com qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."  11 U.S.C. § 543(b).

determining property of the estate." *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8

(Bankr. D.N.J. June 29, 2006) (cleaned up). Instead, property belongs to the estate where the

debtor controls the property or otherwise indicates its "legal or equitable interests" in the

property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding

that bank account not in debtor's name was nevertheless property of the estate where debtor

funded account, showed "ownership, control, and interest" in account, and money "functionally

belonged" to debtor).

34.     As the declaration executed by Caroline Ellison, former CEO of Alameda,

attached hereto as <u>Exhibit 1</u> makes clear, there is no *bona fide* dispute as to the Debtors'

ownership of the assets in the Alameda Account. The assets in the Alameda Account, valued at

approximately $11.4 million as of the Petition Date, are not of inconsequential value or benefit to

the estate and must be returned to the Debtors.

**<u>CAUSES OF ACTION</u>**

**COUNT ONE**
**TURNOVER CLAIM PURSUANT TO 11 U.S.C. § 542**
**(AGAINST CRYPTO.COM)**

35.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 34 as if

fully set forth here.

36.     As alleged above, Crypto.com continues to withhold the assets contained in the

Alameda Account, which are assets of the Debtors' estates that are not of inconsequential value.

The Debtors seek an order from the Court directing Crypto.com to turn over to the Debtors the

assets in the Alameda Account, which are property of the Debtors' estates pursuant to

Bankruptcy Code Section 541(a)(1).

37.     The relief requested also is authorized under the Court's equitable powers

codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions"
of the Bankruptcy Code.  11 U.S.C. § 105(a).

**COUNT TWO**
**DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**
**(AGAINST ALL DEFENDANTS)**

38.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 34 as if
fully set forth here.

39.     The Iron Block FTX Account was opened in June 2022.  KYC materials
submitted in connection with opening the Iron Block FTX Account reflect that:  (i) at the time
Iron Block was formed, its shareholders and directors were two of the co-founders of
Crypto.com; (ii) another Crypto.com co-founder, subsequently became the sole director of Iron
Block; and (iii) certain of Iron Block's KYC materials were submitted bearing Crypto.com
letterhead.  After the Petition Date, a customer proof of claim was filed against the Debtors with
respect to assets contained in the Iron Block FTX Account (totaling approximately $237,800).
Foris MT has also filed a customer proof of claim against the Debtors with respect to the Petition
Date balances of the Foris MT FTX Account (totaling approximately $18.4 million).  Both the
Foris MT and Iron Block proofs of claim were filed by the same counsel.

40.     As alleged above, Crypto.com is an entity from which property is recoverable
under Section 542 of the Bankruptcy Code, and, upon information and belief operates and
controls the Crypto.com FTX Accounts.

41.     By reason of the foregoing facts and pursuant to Section 502(d) of the Bankruptcy
Code, any claims of Defendants, or persons or entities affiliated with or controlled by
Defendants, that have been or will in the future be asserted in these Chapter 11 Cases should be
disallowed unless and until Crypto.com has relinquished to Plaintiff the property transferred, or

has paid Plaintiff the value of such transferred property, for which and to the extent that the

Court has determined Defendant is liable pursuant to 11 U.S.C. § 542.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

42.　　Enter an order under 11 U.S.C. §§ 542 and 105(a) directing the turnover of all

assets held in the Alameda Account to Debtor Alameda;

43.　　Enter an order under 11 U.S.C. § 502(d) disallowing any and all claims filed or

held by Defendants in these Chapter 11 Cases unless and until Crypto.com relinquishes to

Alameda the amount ordered as an award for property withheld that the Court may order;

44.　　Award Plaintiff its attorneys' fees, pre- and post-judgment interests, and costs of

suit; and

45.　　Award Plaintiff all other relief, at law or equity, to which it may be entitled.

Dated:  November 7, 2024
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       cobb@lrclaw.com
       mcguire@lrclaw.com
       robertson@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Justin J. DeCamp (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: wheelers@sullcrom.com
       gluecksteinb@sullcrom.com
       decampj@sullcrom.com
       dunnec@sullcrom.com
       crokej@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*